UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Christopher Odom**, | ) C/A No. 8:07-0325-PMD-JRM |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) **Report and Recommendation** |
| | ) |
| **FNU Wilson**, Maintenance Supervisor at Perry Correctional Institution; | ) |
| **FNU Michaels**, Nurse; | ) |
| **NFN Roberts**, Officer; | ) |
| **NFN Daly**, Lieutenant; and | ) |
| **SCDC Injury Insurance Policy Holder**, | ) |
| | ) |
| Defendants. | ) |

# *Background of this Case*

The plaintiff is a resident of Charleston, South Carolina. He is a former inmate of the South Carolina Department of Corrections (SCDC). The South Carolina Inmate Database on the LEXIS® services indicates that the plaintiff has been paroled on his nine-year shoplifting sentence. The defendants are employees of the Perry Correctional Institution.[1] The plaintiff

---

[1] The above-captioned case has been erroneously filed in the Anderson Division. Although the Perry Correctional Institution has an Anderson County mailing address
(continued...)

1

has submitted a complaint on the civil rights complaint form for use by state prisoners. The "STATEMENT OF CLAIM" portion of the § 1983 complaint reveals that this civil rights action arises out of injuries sustained by the plaintiff when SCDC employees had to remove a malfunctioning handcuff from the plaintiff's right wrist on March 10, 2006, by use of a "diamond handblade." The plaintiff alleges that his right wrist was injured when the handcuff was sawed off. In his prayer for relief, the plaintiff seeks reparations for "cruel and unusual" punishment, reimbursement for medical bills, and punitive damages.

## *Discussion*

Under established local procedure in this judicial district, a careful review[2] has been made of the *pro se* pleadings and the Form AO 240 (motion to proceed *in forma pauperis*) pursuant to the procedural provisions of 28 U.S.C. § 1915. The review has been conducted in light of the following precedents: <u>Denton v. Hernandez</u>, 504 U.S. 25, 118 L.Ed.2d 340, 112 S.Ct.

---

(...continued)
(Pelzer, South Carolina), the Perry Correctional Institution is actually located in southern *Greenville* County. 28 U.S.C. § 121(6).

[2]Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

1728, 1992 U.S. LEXIS® 2689 (1992); Neitzke v. Williams, 490 U.S. 319, 324-325, 104 L.Ed.2d 338, 109 S.Ct. 1827, 1989 U.S. LEXIS® 2231 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, 1995 U.S.App. LEXIS® 26108 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177, 134 L.Ed.2d 219, 116 S.Ct. 1273, 1996 U.S. LEXIS® 1844 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979)(recognizing the district court's authority to conduct an initial screening of a *pro se* filing).[3] This court is required to construe *pro se* complaints and petitions liberally. Such *pro se* complaints and petitions are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint or petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See* Hughes v. Rowe, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to

---

[3]Boyce has been held by some authorities to have been abrogated in part, on other grounds, by Neitzke v. Williams, 490 U.S. 319 (1989)(insofar as Neitzke establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

be true. Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387, 1990 U.S.App. LEXIS® 6120 (4th Cir. 1990).

Generally, a case can be originally filed in a federal district court if there is diversity of citizenship under 28 U.S.C. § 1332 or there if there is so-called "federal question" jurisdiction under 28 U.S.C. § 1331. Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." In re Bulldog Trucking, Inc., 147 F.3d 347, 352, 1998 U.S.App. LEXIS® 13210 (4th Cir. 1998). Since federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. Pinkley, Inc. v. City of Frederick, 191 F.3d 394, 399, 1999 U.S.App. LEXIS® 20859 (4th Cir. 1999), *cert. denied*, Pinkley, Inc. v. Servacek, 528 U.S. 1155, 2000 U.S. LEXIS® 1043 (2000)(*citing* Lehigh Mining & Mfg. Co. v. Kelly, 160 U.S. 337, 327 (1895)). Accordingly, a federal

court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." Bulldog Trucking, supra, 147 F.3d at 352. *See also* F. R. Civ. P. 12(h)(3) ("Whenever it appears . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

"[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint." Davis v. Pak, 856 F.2d 648, 650, 1988 U.S.App. LEXIS® 12311 (4th Cir. 1988)(*citing* McNutt v. General Motors Acceptance Corp., 298 U.S. 178 (1936)). To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short plain statement of the grounds upon which the court's jurisdiction depends[.]" If, however, the complaint does not contain "an affirmative pleading of a jurisdictional basis, the federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." Pinkley, Inc., supra, 191 F.3d at 399 (*citing* 2 Moore's Federal Practice § 8.03[3] (3rd edition 1997)).

Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. Lovern v. Edwards, 190 F.3d 648, 654, 1999 U.S.App. LEXIS® 20860 (4th Cir. 1999). If the court, viewing the

allegations in the light most favorable to the plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction.  Id.

Although the defendants, as state employees, are facially subject to suit under 42 U.S.C. § 1983, the above-captioned case is not maintainable as a civil rights action under 42 U.S.C. § 1983 because the facts alleged show no deliberate indifference.[4]  Rather, the plaintiff alleges that his handcuff on his right wrist malfunctioned and SCDC employees had to cut the handcuff from the plaintiff's right wrist.  Negligence is not actionable under 42 U.S.C. § 1983.  See Daniels v. Williams, 474 U.S. 327, 328-336 & n. 3 (1986); Davidson v. Cannon, 474 U.S. 344, 345-348 (1986); Ruefly v. Landon, 825 F.2d 792, 793-794, 1987 U.S.App. LEXIS® 10684 (4th Cir. 1987); and Pink v. Lester, 52 F.3d 73, 1995 U.S.App. LEXIS® 8912 (4th Cir. 1995)(applying Daniels v. Williams and Ruefly v. Landon: "The district court properly held that *Daniels* bars an action under § 1983 for negligent conduct[.]").  Secondly, 42 U.S.C. § 1983 does not impose liability for violations of duties of care arising under state law.  DeShaney v. Winnebago County Department of Social Services, 489 U.S. 189, 200-203, 103 L.Ed.2d 249, 109 S.Ct. 998 1989 U.S. LEXIS® 1039 (1989)(Due Process Clause of the Fourteenth Amendment

---

[4]In fact, the facts alleged show that SCDC officials promptly attempted to remove the malfunctioning handcuff and even had a nurse present when the sawing began.

6

does not transform every tort committed by a state actor into a constitutional violation).

Under South Carolina law, the plaintiff's claims relating to his wrist injury are cognizable under the South Carolina Tort Claims Act, § 15-78-10 *et seq.*, South Carolina Code of Laws. Section 15-78-30 and its subparts encompass a "loss" from an occurrence of negligence proximately caused by a person employed by the State of South Carolina, a state agency, or political subdivision while acting within the scope of his or her employment. The plaintiff's claims are cognizable under the South Carolina Tort Claims Act because the South Carolina Department of Corrections is a department of the State of South Carolina.

Suits brought under the South Carolina Tort Claims Act must be brought in a **state court** within the boundaries of South Carolina. *See* S.C. Code §15-78-20(e)(providing that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another State). Under the South Carolina Tort Claims Act, there are different limitations periods for "verified" claims and claims which fail to comply strictly with the verified claim procedure required by S.C. Code

§ 15-78-80.  Joubert v. South Carolina Department of Social Services, 341 S.C. 176, 189-190, 534 S.E.2d 1, 8, 2000 S.C.App. LEXIS® 92 (S.C.Ct.App. 2000)(outlining differences between "verified" claims filed in accordance with S.C. Code § 15-78-80 as subject to three-year limitations period and all other claims being subject to two-year limitations period).

The benefit to a plaintiff for filing a verified claim is that his or her limitations period is extended from two (2) years to three (3) years.  In other words, if a plaintiff fails to file a claim that strictly complies with S.C. Code § 15-78-80, in the filing of a non-verified claim under the South Carolina Tort Claims Act, the limitations period is only two (2) years.  Plaintiffs failing to pursue their claims within the appropriate limitations period will be barred from suit.  *See*, *e.g.*, Murphy v. Richland Memorial Hospital, 317 S.C. 560, 455 S.E.2d 688, 1995 S.C. LEXIS® 31 (1995); Vines v. Self Memorial Hospital, 314 S.C. 305, 443 S.E.2d 909, 1994 S.C. LEXIS® 97 (1994); Republic Contracting Corp. v. South Carolina Dept. of Highways and Public Transportation, 332 S.C. 197, 503 S.E.2d 761, 1998 S.C.App. LEXIS® 88 (S.C.Ct.App. 1998); and Pollard v. County of Florence, 314 S.C. 397, 444 S.E.2d 534, 1994 S.C. App. LEXIS® 72 (S.C.Ct.App. 1994).[5]

---

[5]With respect to any case filed in a court of the State of South Carolina, the date of
(continued...)

This federal court does not have diversity jurisdiction to consider any state law claims (such as negligence) raised by the plaintiff because the plaintiff and all the individual defendants are obviously citizens of South Carolina.  *See* 28 U.S.C. 1332;[6] and Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806).

# *Recommendation*

Accordingly, it is recommended that the District Court summarily dismiss the above-captioned case *without prejudice* and without issuance and service of process.  *See* Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe, 998 F.2d 201, 202-204 & n. *, 1993 U.S.App. LEXIS® 17715 (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); Boyce v. Alizaduh, supra; Todd v. Baskerville, supra, 712 F.2d at 74; and 28 U.S.C. § 1915(e)(2)(B)[essentially a redesignation of "old" 1915(d)].  *See also* In Re

---

(...continued)
"commencement" of such case or claim is determined by Rule 3 of the South Carolina Rules of Civil Procedure, rather than Rule 4 of the Federal Rules of Civil Procedure.

[6]New provisions were added to the diversity statute in 2005 when the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 (2005), was enacted.  Those new provisions are not applicable in the case *sub judice*.

Prison Litigation Reform Act, 105 F.3d 1131, 1134, 1997 U.S.App. LEXIS® 1763 (6th Cir. 1997)(pleadings by non-prisoners should also be screened); and Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 362, 363-364, 2000 U.S.App. LEXIS® 18180 (2nd Cir. 2000)("District courts . . . are . . . capable of determining when an action is frivolous. Indeed, as courts of first instance, district courts are especially likely to be exposed to frivolous actions, and thus have an even greater need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources."). The plaintiff's attention is directed to the Notice on the next page.

                                Respectfully submitted,

February 6, 2007                s/Joseph R. McCrorey
Columbia, South Carolina      United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

## Larry W. Propes, Clerk
## United States District Court
## 901 Richland Street
## Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in the waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).