**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| **Christopher Odom**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.                                                ) | C.A. No.: 8:07-0325-PMD-JRM |
| ) | |
| **FNU Wilson**, Maintenance Supervisor at   ) | |
| Perry Correctional Institution; **FNU**        ) | |
| **Michaels**, Nurse; **NFN Roberts**, Officer;   ) | **ORDER** |
| **NFN Daly**, Lieutenant; **SCDC Injury**       ) | |
| **Insurance Policy Holder**,                    ) | |
| ) | |
| Defendants. ) | |
| _____) | |

On January 31, 2007, *pro se* litigant Christopher Odom ("Plaintiff" or "Odom") brought an action for damages pursuant to 42 U.S.C. §1983 against employees of the Perry Correctional Institution. The facts as alleged in the Complaint are as follows:

> On March 10, 2006 O.f.c. Roberts handcuff the plaintiff. When it became time to remove the handcuff O.f.c. Roberts claim the cuff lock on the plaintiff right wrist would not release.
> Several of O.f.c. Roberts' supervisors being Sgt. FNU/LNU and Lt. Daly also attempt to remove cuffs that have the plaintiff circulation on right wrist of discomfort.
> The maintenance man FNU Wilson used a electric saw with a diamond headblade, coffee pot fill of cold water. O.f.c. Roberts was ordered to hold me down (brace right arm) while the maintenance begun cutting the handcuff off of my right wrist while nurse FNY Michaels assist, injuring my right wrist.
> * Cruel and unusual punishment.

The record contains a report and recommendation ("the R&R") of United States Magistrate Judge Joseph R. McCrorey, which was made in accordance with 28 U.S.C. § 636 (b)(1)(B). In his R&R, the Magistrate Judge recommended that Plaintiff's claim be summarily dismissed without prejudice and without issuance and service of process pursuant to 28 U.S.C. § 1915A, for failing to

1

state a claim upon which relief may be granted.[1] A party may object, in writing, to a R&R within ten days after being served with a copy of that report. 28 U.S.C. 636 (b)(1). Plaintiff has filed timely objections to the R&R.

## STANDARD OF REVIEW

### A.    The Magistrate Judge's R&R

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 269 (1976). The court reviews *de novo* those portions of the R&R to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

### B.    28 U.S.C. § 1915A – Failure to State a Claim

Dismissals under 28 U.S.C. § 1951A for failure to state a claim require the same standard of review as dismissals under Rule 12(b)(6). *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002); *Sanders v. Sheahan*, 198 F.3d 626, 626 (7th Cir. 1999); *Davis v. District of Columbia,* 158 F.3d 1342, 1348 (D.C.Cir. 1998). Under this well-known standard, the court should not dismiss a

---

[1] 28 U.S.C. § 1915A states,

**(a) Screening**. --The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

**(b) Grounds for dismissal.**--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-

   **(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

   **(2)** seeks monetary relief from a defendant who is immune from such relief.

complaint for failure to state a claim unless "after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Slade v. Hampton Roads Regional Jail,* 407 F.3d 243, 248 (4th Cir. 2005); *Edwards v. City of Goldsboro,* 178 F.3d 231, 244 (4th Cir. 1999).

When a dismissal pursuant to § 1915A involves a civil rights complaint, "[the court] must be especially solicitous of the wrongs alleged" and "must not dismiss the complaint unless it appears to a certainty that the plaintiff would not be entitled to relief under any legal theory which might plausibly be suggested by the facts alleged." *Harrison v. United States Postal Serv.,* 840 F.2d 1149, 1152 (4th Cir. 1988). "This solicitude for a civil rights plaintiff with counsel must be heightened when a civil rights plaintiff appears *pro se.*" *Canty v. City of Richmond, VA, Police Dept.,* 383 F. Supp. 1396, 1399 (D.C. Va. 1974). In the great run of *pro se* cases, the issues are faintly articulated and often only dimly perceived. *Id.* There is, therefore, a greater burden and a correlative greater responsibility upon the district court to insure that constitutional deprivations are redressed and that justice is done. *Id.* So, although the district courts should not assume the role of advocate for the *pro se* plaintiff, the district court must examine the *pro se* complaint to see whether the facts alleged, or the set of facts which the plaintiff might be able to prove, could very well provide a basis for recovery under any of the civil rights acts or heads of jurisdiction in the federal arsenal for redress of constitutional deprivations. *Id.*

## **DISCUSSION**

In this case, the Magistrate Judge found that the facts as alleged in the Complaint are clearly insufficient to support an Eighth Amendment "cruel and unusual punishment" claim. According to

the Complaint, Plaintiff was injured when Defendants used an electric saw to remove a malfunctioning handcuff from his right wrist. The Complaint asserts that the malfunctioning handcuff was causing him discomfort, that several officers attempted to remove the handcuff before resorting to use of a saw, and that a nurse was present and assisted in the removal. The Complaint does not allege that any of the Perry Correctional Institution personnel acted with the requisite culpable state of mind, or that their actions intentionally caused him unnecessary suffering. As such, at most, the Complaint only supports a state law claim that Defendants negligently injured Plaintiff's wrist. It is a well-settled rule of law that claims of negligence do not support an action for damages under 42 U.S.C. § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328-36 n. 3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345-48 (1986). For this reason, the Magistrate Judge correctly recommended that the Complaint be dismissed without prejudice for failing to state a § 1983 cause of action.

In his Objections, Plaintiff asserts that "defendants with usage of a diamond-head blade electric saw deliberately assault the plaintiff without the plaintiff consent." (Objection ¶ 3.) Plaintiff also asserts that "defendants actions was deliberately to see if the plaintiff could (speak) therefore trying to scare plaintiff into making any kind of verbal response => see case 3:05-1611 for reference." (Objection ¶ 4.) Finally, Plaintiff objects that "Defendants [do not] have the right to saw (electric saw) on the plaintiff while the other defendant holds the plaintiff down [causing] injuries without follow up medical attention." (Objection ¶ 6.)

Plaintiff does not direct the court to any specific error in the legal or factual conclusion of the Magistrate Judge's R&R; rather Plaintiff's Objections assert new facts which were not previously alleged and which contradict the facts as alleged in the Complaint. The court construes these Objections liberally to constitute a request to allow Plaintiff to amend his Complaint to include

these additional allegations. However, even assuming Plaintiff had included the allegations from his Objections in his original Complaint, this matter would still be subject to summary dismissal for failure to state a claim pursuant to 28 U.S.C. § 1915A. Therefore, allowing such an amendment would be futile. *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (noting that "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile"); *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (holding that a motion to amend should be denied as futile when the amendment is "clearly insufficient or frivolous on its face").

In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendants deprived him of a federal right, and (2) did so under color of law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Deliberate indifference by prison personnel to an inmate's serious injury and the malicious use excessive force by prison personnel are actionable under 42 U.S.C. § 1983 as a violation of the Eighth Amendment's prohibition against "cruel and unusual punishment."[2] *See Estelle v. Gamble,* 429 U.S. 97, 104-05 (1976). According to the Fourth Circuit of Appeals, absent the most "extraordinary circumstances" an individual who suffers only *de minimis* injury cannot prevail on an Eighth Amendment "cruel and unusual punishment" claim. *Riley v. Dorton,* 115 F.3d 1159 (4th Cir.)(en banc) *cert. denied,* 522 U.S. 1030 (1997); *Norman v. Taylor,* 25 F.3d 1259, 1263 (4th Cir. 1994) (en banc). The Fourth Circuit Court of Appeals has further determined that a *de minimis* injury reveals that *de minimis* force was used. *Norman,* 25 F.3d at 1262. Punishment must

---

[2] The Eighth Amendment provides, "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. Amend. VIII.

5

mean something more than trifling injury or negligible force. *Riley,* 115 F.3d at 1167. Otherwise, every touch would be actionable and every alleged "push or shove" would entitle plaintiff to a trial.[3] *Id.*

In this case, the facts as alleged in the Complaint and Objections are clearly insufficient to support an Eighth Amendment claim of deliberate indifference or excessive force. Here, the specific allegations against Defendants are that they held Plaintiff down and removed a malfunctioning handcuff from his right wrist with an electric saw, causing him an injury for which no medical treatment was provided. However, Plaintiff alleges no specific injury as the result of Defendant's alleged "force." In fact, Plaintiff makes no allegations of any specific injuries as the results of the conduct of any of the correctional officers or staff. He makes no claim of bruises, swelling, redness, or tenderness. Although he alleged in his Objections that he received no medical treatment, he does not indicate why any treatment would have been necessary.[4] Furthermore, although he asks, as damages, that his medical expenses be paid, he makes no indication that such treatment is necessary. Accordingly, Plaintiff has failed to demonstrate **any** injury that would support his claims of cruel and unusual punishment. Therefore, he fails to state a claim, and his Complaint should be dismissed pursuant to 28 U.S.C. § 1915A.

---

[3] The court notes, however, that while "[t]he Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force," if the force used is "repugnant to the conscience of mankind," *Hudson v. McMillan*, 503 U.S. 1, 112 S.Ct. 995 (1992), "diabolic" or "inhuman physical punishment," a prisoner can prevail on an excessive force claim even if the injuries sustained are *de minimis. Norman,* 25 F.3d at 1263. Plaintiff does not allege such "diabolic" or "inhuman" punishment; therefore, his failure to allege more than *de minimus* injury is fatal to his claim.

[4] The court notes that while he asserts in his Objections that he received no medical treatment, the Complaint asserts that a Nurse Michaels was present and assisted during the removal of the handcuff.

6

## **CONCLUSION**

For the foregoing reasons, the court **ADOPTS** the Magistrate Judge's recommendation and **DISMISSES** this matter without prejudice and without issuance or service of process.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**April 25, 2007.**

## **NOTICE OF RIGHT TO APPEAL**

Petitioner is hereby notified that he has the right to appeal this order within (30) days from the date hereof, pursuant to Fed. R. App. P. 3-4.